1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10
11  LARY FEEZOR,                          )   Civil No. 07cv840-L(BLM)
                                          )
12           Plaintiff,                   )   **ORDER GRANTING**
                                          )   **DEFENDANT'S MOTION TO**
13  v.                                    )   **DECLINE SUPPLEMENTAL**
                                          )   **JURISDICTION [doc. #6]; and**
14  TESSTAB OPERATIONS GROUP, INC,        )   **DISMISSING WITHOUT**
    dba McDONALD'S #5416;                 )   **PREJUDICE STATE LAW CLAIMS**
15  McDONALD'S CORPORATION,               )
                                          )
16           Defendants.                  )
                                          )
17  _____       )

18       Plaintiff filed the above-captioned case on May 9, 2007 alleging violations of the
19  Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") as well as California
20  Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("DPA") against defendants
21  Tesstab Operations Group, Inc, dba Mcdonald's #5416 ("Tesstab"); and Mcdonald's
22  Corporation. Defendant Tesstab[1] moves the Court to decline to exercise supplemental
23  jurisdiction over plaintiff's state law claims. Plaintiff opposes the motion. Having carefully
24  considered the matters presented, the Court enters the following decision.
25  / / /
26  / / /
27
28      [1]   Defendant McDonald's Corporation joins in Tesstab's motion to dismiss

**Discussion**

**1.     Background**

Plaintiff is a disabled person who alleges he was unable or had difficulty using or accessing defendant's public accommodations due to, *inter alia*, the lack of disabled parking signage, safe and accessible exterior path of travel from parking to the entrance of the establishment, no disability signage at the entrance, no designated accessible tables inside or disabled seating at outside dining area, the card reader is at the wrong height and angle, the reach range of the soda machine exceeds allowable distance, the pipes under the lavatory are improperly wrapped, and the toilet paper dispenser is too high. (Compl. at 3-4). Plaintiff does not allege, however, that he intends to return to defendant's establishment, but is deterred due to his knowledge of the access barriers. Nevertheless, plaintiff alleges these various deficiencies violate the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") as well as California Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("DPA").

**2.     Supplemental Jurisdiction**

Defendant's motion challenges the court's supplemental jurisdiction over pendent state law claims. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . .." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Defendant acknowledges that the state law claims share a common nucleus of operative fact with the ADA claim: the underlying factual allegations are the same for all of plaintiff's claims. Furthermore, the Unruh Act and the DPA are alternative means under California law to enforce the architectural regulations or design standards implemented by the ADA. *See* CAL. CIV. CODE §§ 51(f) (Unruh Act) & 54(c) (DPA). Therefore, plaintiff's state law claims are so related to the ADA claim that they form part of the same case or controversy, and the court may properly exercise supplemental jurisdiction under section 1367(a).

Once the court acquires supplemental jurisdiction over state law claims, section 1367(c) provides the only valid basis upon which it may decline to exercise it.  *Executive Software N. Am., Inc. v. Jensen*, 24 F.3d 1545, 1551 (9th Cir. 1994).  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendant seeks to have the court decline supplemental jurisdiction claiming that the state law claims substantially predominate over the ADA claim and are novel and complex.  Plaintiff argues the court should exercise supplemental jurisdiction because the state and ADA claims are essentially identical and the claims are neither novel nor complex.

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*,[2] 383 U.S. 715, 726 (1966).  Plaintiff correctly asserts that the state law claims are almost identical to the ADA claims to the extent that liability under the Unruh Act and the DPA may be predicated on an ADA violation.  *See supra.*  But the only remedy available under the ADA is injunctive relief.  *See* 42 U.S.C. § 12188(a)(1); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  In addition to injunctive relief, the Unruh Act and the DPA also provide for damages. California Civil Code Section 52(a), which provides for enforcement of the Unruh Act, allows for damages no less than $4,000 "for each and every offense."  Under the DPA, California Civil Code Section 54.3(a) provides for damages no less than $1,000 "for each offense."  Plaintiffs seek damages for each and every offense under the Unruh Act. (Compl. at 11).  If plaintiff proves all of the offenses alleged, he may be entitled to significant damages under the Unruh Act, as opposed to relief limited to injunctive relief under the ADA.  Given the

---

[2] Although *Gibbs* predates section 1367(c), it informs the exercise of the court's jurisdiction thereunder.  *See Acri v. Varian Assocs, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

1  disparity in terms of comprehensiveness of the remedy sought, state law claims substantially
2  predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2). *See Singletary v. The Brick*
3  *Oven Rest.*, 406 F. Supp. 2d 1120, 1130-31 (S.D. Cal. 2005).

4       The court further finds that due to recent developments in California law, plaintiff's state
5  law claims raise novel or complex issues of state law.  In *Harris v. Capital Growth Investors*, the
6  California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act
7  must plead and prove intentional discrimination in public accommodations . . .." 52 Cal.3d
8  1142, 1172-73 (1991).  Shortly thereafter, in 1992, the California Legislature amended
9  California Civil Code Section 51 and added a provision that a defendant violates the Unruh Act
10 whenever it violates the ADA.  CAL. CIV. CODE § 51(f).  A meritorious ADA claim does not
11 require proof of intent.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Lentini v. Cal. Center for the Arts*,
12 370 F.3d 837, 846-47 (9th Cir.2004).  The Unruh Act amendment raised the question whether
13 the section 52 damages provision, as read in conjunction with section 51(f), required proof of
14 intent.  In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act
15 amendments superseded *Harris*, and held that where a defendant violates the ADA, damages can
16 be awarded under the Unruh Act regardless of intent to discriminate.  *Lentini*, 370 F.3d at
17 846-47.  In 2006, the California Court of Appeal issued *Gunther v. Lin*, wherein it reasoned that
18 *Harris* was still viable, rejected *Lentini* as an improper interpretation of California law, and held
19 that section 52 damages required proof of intentional discrimination. 144 Cal. App. 4th 223,
20 252-57 (2006).

21      *Gunther* appears to contradict the express language of section 51(f) which provides that
22 "violation of the right of any individual under the Americans with Disabilities Act of 1990
23 (Public Law 101-336) shall also constitute a violation of this section."  On the other hand, its
24 reasoning, based in part on distinguishing between two damages provisions for disabled access
25 violations, is not unsound.  *See* 144 Cal. App. 4th at 231-32.  Under the Unruh Act, section 52(a)
26 allows for damages no less than $4,000, while under the DPA, section 54.3(a) provides for
27 damages no less than $1,000.  To avoid double recovery, "[a] person may not be held liable for
28 damages pursuant to both [section 54.3] and section 52 for the same act or failure to act." CAL.

CIV. CODE § 54.3(c).  *Gunther* reasoned that the intent element was required to distinguish section 52 from section 54.3, avoid making either section redundant of the other, and justify a higher award under section 52.  *See* 144 Cal. App. 4th at 231-32, 239-40, 242, 250.  This court is therefore faced with a conflict in state law, which raises novel or complex state law issues for purposes of 28 U.S.C. § 1367(c)(1).[3]

The discretion to decline supplemental jurisdiction is "triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories." *Executive Software*, 24 F.3d at 1557.  The predominance of the state law claims and the conflict in pertinent state law are such factual predicates.  "Once that factual predicate is identified, the exercise of discretion . . . still is informed by whether [dismissing] the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity."  *Id.* (internal quotation marks and citations omitted). Although it would undoubtedly be more convenient to have this suit adjudicated in one action, the novelty and complexity of state law issues weighs in favor of dismissing them to allow California state courts to resolve the issue.  "Needless decisions of state law should be avoided as a matter of comity."  *Gibbs*, 383 U.S. at 726.  Furthermore, given the greater comprehensiveness of state law remedies, fairness dictates that the claims are more appropriately adjudicated in state court.  The court therefore declines to exercise supplemental jurisdiction over plaintiff's state law claims.  *See Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1125-26 (S.D. Cal. 2007); *Cross v. Pac. Coast Plaza Invs, L.P.*, No. 06cv2543-JM (RBB), 2007 WL 951772 *6 (S.D. Cal. Mar. 6, 2007); *see also Brick Oven*, 406 F. Supp. 2d at 1130.

For the foregoing reasons, defendant's motion for the court to decline supplemental jurisdiction over plaintiff's state law claims is **GRANTED** and plaintiff's claims under California Unruh Civil Rights Act and Disabled Persons Act are hereby **DISMISSED WITHOUT PREJUDICE** to asserting them in state court.  Defendant Tesstab shall file an

---

[3] The court does not believe certifying this issue to the California Supreme Court would be helpful in light of that court's denial of review and request for depublication of *Gunther*.  *Gunther v. Lin*, 2007 Cal. LEXIS 350 (Cal. Jan. 17, 2007).

Answer or other appropriate response to plaintiff's Complaint asserting a cause of action under the ADA within ten days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: December 17, 2007

                           M. James Lorenz
                           United States District Court Judge

COPY TO:

HON. BARBARA L. MAJORS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL